# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 22, 2013

No. 12-50481
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROBERTO REYES,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7-11-CR-413-1

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Roberto Reyes appeals his sentence of 37 months of imprisonment on his guilty plea conviction for using a facility in interstate commerce (i.e., the internet and cell phones) to promote, manage, establish, and carry on "an unlawful activity, that is, a business enterprise involving prostitution in violation of Texas Penal Code 43.05 (Compelling Prostitution)." *See* 18 U.S.C. §§ 1952(a)(3), 2. We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Reyes contends that the district court erred procedurally when it assigned him a base offense level of 24 under U.S.S.G. § 2G1.3(a)(4) on the basis that the prostitution enterprise promoted sexual conduct with a minor prohibited by Texas Penal Code § 43.05. Reyes contends that § 2G1.3(a)(4) cannot be applied to a defendant who did not know that a minor was involved in a sex trafficking enterprise. He denies knowing that a minor was among the four females who were involved in the prostitution enterprise that he ran in Texas. According to Reyes, the lower base offense level of 14 under U.S.S.G. § 2G1.1(a)(2) should have been applied. Reyes had a category I criminal history. If § 2G1.1(a)(2) applies, his guidelines sentencing range is 10 to 16 months; if § 2G1.3(a)(4) applies, the range is 37 to 46 months. Additionally, Reyes asserts that his sentence was substantively unreasonable as a result of the district court's misapplication of the Guidelines.

Under the bifurcated review process adopted in *Gall v. United States*, 552 U.S. 38, 46 (2007), we first take up any claim that the district court committed procedural error and, if no such error is found, we next examine the sentence for substantive reasonableness. *See United States v. Johnson*, 619 F.3d 469, 471-72 (5th Cir. 2010). A district court commits procedural error "if it bases its decision on an error of law or a clearly erroneous assessment of the evidence." *United States v. Castillo*, 430 F.3d 230, 238-39 (5th Cir. 2005) (internal quotation marks and citation omitted). Whether a district court has misinterpreted the Guidelines and thereby committed an error of law presents an issue that we analyze de novo. *United States v. Lyckman*, 235 F.3d 234, 237 (5th Cir. 2000). Whether a district court has made mistaken factual findings or has misapplied the Guidelines to those findings presents an issue that we analyze for clear error. *Id.*

Although the district court found that a minor was involved in Reyes's prostitution business, the court's assignment of the § 2G1.3(a)(4) enhancement was not based on a finding that Reyes knew of that involvement. And although

the district court found that Reyes's assistant had knowledge that a minor was involved, the district court did not assign the § 2G1.3(a)(4) enhancement on that basis either. The district court stated that the enhancement applied because the Texas statute, which was referenced in the indictment and which made Reyes's prostitution enterprise "prohibited sexual conduct" did not require that the defendant know that a minor was involved in the activity.

Reyes does not challenge the district court's determination that, by his own admission, a minor was in fact involved in his prostitution business. Thus, Reyes fails to show that the district court's procedural ruling was based on a clearly erroneous assessment of the evidence. *See Castillo*, 430 F.3d at 238-39; *Lyckman*, 235 F.3d at 237. Nor does Reyes refute the district court's determination that under Texas law knowledge of a minor's involvement is unnecessary for a conviction for compelling prostitution. Thus, Reyes fails to show that the district court's procedural ruling was based on legal error. *See Castillo*, 430 F.3d at 238-39; *Lyckman*, 235 F.3d at 237.

Although he makes a conclusory assertion of substantive unreasonableness, Reyes does not brief the claim. Accordingly, the claim is deemed waived. *See United States v. Scroggins*, 599 F.3d 433, 446-47 (5th Cir. 2010).

AFFIRMED.